UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

COREY ALAN ASKEW,

                Petitioner,                  Case No. 1:22-cv-985

v.                                      Hon. Hala Y. Jarbou

PAUL BAILEY,

                Respondent.

_____/

## OPINION

       This is a habeas corpus action brought by a pretrial detainee under 28 U.S.C. § 2241. Petitioner Corey Alan Askew reports that he is a being held in the Berrien County Jail awaiting trial on charges in case numbers 2022-000762-FY and 2022-000763-FH and 2022-002364-SM.[1] Petitioner contends that the Fifth Judicial District Court of Berrien County, Michigan, does not have personal or subject-matter jurisdiction such that the court can conduct criminal proceedings against him.

       The Court construes Petitioner's submission as, primarily, a claim that he is unconstitutionally detained and should be released. Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

---

[1] Petitioner also states that he was tried and convicted by a jury in case numbers 2022-000762-FH and 2022-000763-FT. (Pet'r's Br., ECF No. 3, PageID.32.) Petitioner is scheduled for sentencing in January. (*Id.*, PageID.24.) It is possible, therefore, that Petitioner is being held pursuant to those convictions. That is not the claim he makes in this petition.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[2] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies. Additionally, the Court will address Plaintiff's pending motions.

## <u>Discussion</u>

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. 28 U.S.C. § 2255. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal

---

[2] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's habeas claims do not fall within any of those categories.

Petitioner raises the following grounds for habeas relief:

I. Deprivation of my right to a name, self-identification, and nationality secured by international human rights laws, treaties and charters the United States are party to; and the individual rights I have retained for myself under the U.S. Constitution, Amd. 9.

II. Deprivation of my right to self-determination, juridical personality, association, and participation in government secured by international human rights laws, treaties, and charters the United States are party to; and acts in the law which enforce autonomy and self -government pursuant to The Law of Nations.

III. Deprivation of my right to basis for agreement of jurisdiction and freedom from ex post facto laws secured by international human rights laws and treaties and charters the United States are party to; and acts in the law to enforce the autonomy and self-government of the Olmec State pursuant to The Law of Nations.

IV.   Deprivation of my right to property, land, territory, resources and freedom of movement and residence secured by international law, treaties and charters the United States are party to; and acts in the law to enforce the autonomy and self-government of the Olmec State pursuant to The Law of Nations.

(Pet., ECF No. 1, PageID.7–9.) On the strength of these claims, Petitioner asks the Court to issue a declaratory decree giving due recognition and enforcement to the Constitution and Laws of the Olmec State, issue a declaratory decree giving due recognition and security to the Olmec State Aboriginal Title and Land Trust, order the restoration of Petitioner's automobile and personal property which were unlawfully seized, and to order the restoration of Petitioner's natural liberty. (*Id.*, PageID.9.)

Petitioner has filed a brief spanning nearly 60 pages to elaborate on his cryptic claims. (Pet'r's Br., ECF No. 3.) The crux of Petitioner's challenge is that—though he was born in the state of Michigan and is, therefore, a citizen of the United States—on January 4, 2021, he declared his self-identification as an indigenous person, part of an independent American State known as the "Olmec State." For that reason, Petitioner contends, he is not properly subject to the jurisdiction of the Berrien County courts. The following excerpt from Petitioner's brief provides some insight into the nature of Petitioner's claims:

It is my contention that my rights to a name, self-identification and a nationality as an indigenous peoples are being deprived, interfered with and abused by certain governmental agencies of the State of Michigan. It is my belief that my true and correct birth name is my personal and private intellectual property. Governmental agencies of the State of Michigan are attempting to compel me, by forced assimilation, to associate myself with an assumed name in all capital letters, and which is identical in spelling to my true and correct birth name, in order the utilize the legal person that is created by the government of the State of Michigan. I do not agree with being in association with or recognized by the assumed name COREY ALAN ASKEW; I have repeatedly denied association with the legal person whom the government of the State of Michigan identify and describe as a black male, I am not a black person; I am a human being, I am a god. I believe it is my duty to spiritually develop by exercising my rights, political opinions and self-determination in order to revitalize my social and cultural status; and that through a compelled association with the State of Michigan, I do not possess a favorable

4

environment for the development of my personality and the realization of my just aspirations.

(Pet'r's Br., ECF No. 3, PageID.34 (no corrections made to quotation).)

Other courts have faced claims similar to Petitioner's. The analysis of such a claim in *In re Mayes*, No. 04-95178-jem, 2005 WL 6488089 (Bankr. N.D. Ga, April 5, 2005), reveals the fundamental flaw in Petitioner's argument:

> The Olmec civilization is the name given to a sophisticated central American culture between 1200 and 400 BC. It was not a civilization that found its way to that part of the North American continent now known as The United States of America. Even if Ms. Allen is a descendant of that culture, she is quite mistaken in her belief that she is not subject to the laws of the United States of America and hence to the in personam jurisdiction of this Court.

> As a sovereign nation, the United States has jurisdiction over citizens and non-citizens within its borders and under some circumstances beyond its borders. As Justice Gray stated in a case decided in 1898:

>> The fourteenth amendment affirms the ancient and fundamental rule of citizenship by birth within the territory, in the allegiance and under the protection of the country, including all children here born of resident aliens, with the exceptions or qualifications (as old as the rule itself) of children of foreign sovereigns or their ministers, or born on foreign public ships, or of enemies within and during a hostile occupation of part of our territory, and with the single additional exception of children of members of the Indian tribes owing direct allegiance to their several tribes. The amendment, in clear words and in manifest intent, includes the children born within the territory of the United States of all other persons, of whatever race or color, domiciled within the United States. Every citizen or subject of another country, while domiciled here, is within the allegiance and the protection, and consequently subject to the jurisdiction, of the United States.

> *U.S. v. Wong Kim Ark*, 169 U.S. 649, 693, 18 S. Ct. 456, 473–74 (1898). Wrongs against persons indigenous to the North American continent committed by early Americans is not a basis upon which a descendant of one of those wronged persons residing in the United States can escape the jurisdiction of the United States.

*In re Mayes*, 2005 WL 6488089, at *2. Moreover, the type of jurisdictional challenge Petitioner raises here is virtually identical to challenges offered by tax protesters and sovereign citizens,

challenges that the Sixth Circuit has described as "meritless rhetoric." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases).

Whether or not Petitioner's challenges constitute meritless rhetoric, they do not fall within the exceptional circumstances recognized by the Sixth Circuit as permitting a pretrial petition under § 2241. Moreover, even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner claims he has pursued these claims in the state courts by way of a habeas corpus petition. Petitioner notes, however, that the Berrien County Circuit Court has not yet ruled on his petition. (Pet'r's Br., ECF No. 3, PageID.29.)

Even though the initial petition remains undecided, Petitioner jumped the gun and filed a parallel petition in the Michigan Court of Appeals. That court understandably denied relief. The court of appeals does not have jurisdiction to consider an original action for habeas corpus unless "the judge in the county where Petitioner is detained refuses to issue the writ." *Moses v. Mich.*

*Dep't of Corr.*, 736 N.W.2d 269, 272 (Mich. Ct. App. 2007). The Berrien County Circuit Court judge, according to Petitioner's submissions, has not refused to do anything.

Petitioner's original habeas action in the Michigan Court of Appeals and his subsequent action in the Michigan Supreme Court do not suffice to exhaust his federal habeas issues because they are procedurally deficient. Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Picard v. Connor*, 404 U.S. 270, 275–77 (1971) *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Fair presentation has a substantive component and a procedural component. With regard to procedure, the fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Olson v. Little*, 604 F. App'x 387, 402 (6th Cir. 2015) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' . . . does not, for the relevant purpose, constitute 'fair presentation.'"); *see also Ogle v. Ohio Dep't of Rehab. & Corr.*, No. 17-3701, 2018 WL 3244017, at *2 (6th Cir. Feb. 27, 2018); *Stokes v. Scutt*, 527 F. App'x 358, 363–64 (6th Cir. 2013). Petitioner's presentation of his federal habeas issues to the state appellate courts without first obtaining a ruling from the Berrien County Circuit Court is not a "fair presentation."

Unless and until Petitioner has fairly presented his federal habeas issues to the Michigan courts, he has not exhausted his remedies such that this Court might consider Petitioner's challenges to his pretrial detention. The Court notes further that, to the extent Petitioner challenges

his incarceration for crimes of which he has been convicted, his remedy is under 28 U.S.C. § 2254, not § 2241.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**Pending motions**

A.      *In forma pauperis* **status**

Petitioner has requested leave of court to proceed *in forma pauperis* (ECF Nos. 2, 11) under 28 U.S.C. § 1915(a)(1) and has filed an affidavit of indigence. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will grant Petitioner leave to proceed *in forma pauperis*.

B.      **Stay of criminal proceedings**

Petitioner has asked this Court to stay further criminal proceedings in the Berrien County courts. (ECF No. 4.) Under *Younger v. Harris*, 401 U.S. 37, 44–55 (1971), generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The three factors supporting *Younger* abstention are present in this case.

First, the alleged wrongs relate directly to a criminal case that is ongoing. Second, Petitioner's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980)

9

("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Petitioner to raise his challenges. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Petitioner's jurisdictional claim in his criminal proceedings or subsequent appeals, if any.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue*, *Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). The Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999)); *see also, e.g., McNatt*[ ], 37 F.3d 629 [ ] (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). Petitioner's allegations accuse the Berrien County officials of harassment, but he has not alleged repeated prosecutions where the officials have no hope of success or intention to follow through.

Because Petitioner's allegations do not implicate any of the *Younger* exceptions, the *Younger* abstention doctrine would apply here. Consequently, so long as Petitioner's criminal proceedings remained pending in state court, the Court would not stay the state criminal proceedings. Accordingly, Petitioner's request for that relief will be denied.

### C.    Motion to compel discovery

Petitioner's request for discovery (ECF No. 5) is rendered moot by dismissal of his petition. His motion, therefore, will be denied.

### D.    Motion for release

Petitioner's request to be immediately released is rendered moot by dismissal of his petition. His motion, therefore, will be denied.

### E.    Motion to appoint counsel

Petitioner asks the Court to appoint counsel. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases.

At this stage of the case, the assistance of counsel does not appear necessary. Petitioner's motion for a court-appointed attorney will therefore be denied.

### F.    Motion for trial

Petitioner asks the Court to proceed with trial of his claims and, in connection with the trial to issue a writ of habeas corpus ad testificandum under 28 U.S.C. § 2241(c)(5). (ECF No. 16.) Petitioner's requests are rendered moot by dismissal of his petition. His motion, therefore, will be denied.

11

**G.      Motion for declaratory judgment**

Petitioner asks the Court to enter a declaratory judgment in support of the other relief he requests. (ECF No. 17.) That request is rendered moot by dismissal of his petition. His motion, therefore, will be denied.

## <u>Conclusion</u>

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability, granting leave to proceed in forma pauperis, and denying Petitioner's other motions.

Dated: <u>November 28, 2022</u>              <u>/s/ Hala Y. Jarbou</u>
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE